IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREG KING ) | JUDGE |
| c/o Herron Law Offices ) | |
| 5001 Mayfield Road, Suite 212 ) | CASE NO. |
| Lyndhurst, Ohio  44124 ) | |
| ) | |
|       Plaintiff ) | |
| ) | |
|   v. ) | |
| ) | |
| CITY OF ROCKY RIVER ) | |
| 21012 Hilliard Blvd. ) | |
| Rocky River, Ohio  44116 ) | |
| ) | |
|     and ) | |
| ) | |
| GEORGE LICHMAN ) | |
| Individually and in his official ) | |
| Capacity as Chief of Police ) | |
| of the City of Rocky River ) | |
| City of Rocky River ) | |
| 21012 Hilliard Blvd. ) | |
| Rocky River, Ohio  44116 ) | |
| ) | |
|       Defendants ) | |

## COMPLAINT AND JURY DEMAND

Now comes plaintiff Greg King, by and through his counsel, and for his complaint against the defendants, avers and states as follows:

### JURISDICTION

1. This Honorable Court has subject matter jurisdiction over plaintiff Greg King's claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983.

2. This Honorable Court has supplemental jurisdiction over plaintiff Greg King's state-law claims for relief pursuant to 28 U.S.C. § 1367 in that plaintiff Greg King's state law claims are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy.

**VENUE**

3. This Honorable Court has venue over plaintiff Greg King's claims for relief pursuant to 28 U.S.C. § 1391 in that some or all of plaintiff Greg King's claims for relief arose in and within the Northern District of Ohio.

**PARTIES**

4. During all times relevant hereto, plaintiff Greg King was and is a police officer employed by defendant City of Rocky River as a patrol officer who from 2010 until the present has also served as an elected Director of the Ohio Patrolman's Benevolent Association, Patrol Officers Bargaining Unit, Rocky River Police Department.

5. Defendant City of Rocky River is municipal corporation and political subdivision of the State of Ohio organized and existing pursuant to Chapter 704 of the Ohio Revised Code and is a "person" subject to liability under 42 U.S.C. § 1983.

6. During all times relevant hereto, defendant George Lichman was and is the duly-appointed Chief of Police for the City of Rocky River, acted under color of law, and is sued herein in both his official capacity and in his individual capacity.

7. During all times relevant hereto, defendant George Lichman had final decision-making authority for defendant City of Rocky River with respect to the discipline of members of the City of Rocky River Police Department and exercised that authority in engaging in the conduct

alleged herein; therefore his acts and omissions detailed herein constitute the custom and/or policy of defendant City of Rocky River.

**STATEMENT OF FACTS**

8. The allegations set forth in Paragraphs 1 through 7 are incorporated as if fully rewritten herein.

9. Plaintiff Greg King has served with distinction as a patrolman with the City of Rocky River Police Department since 2002.

10. Defendant City of Rocky River has recognized the Ohio Patrolmen's Benevolent Association as the bargaining agent for all patrol officers and has a collective bargaining agreement with the Ohio Patrolman's Benevolent Association.

11. Plaintiff Greg King was initially elected by his peers as a Director of the Patrolman Bargaining Unit for the City of Rocky River Police Department in 2010 and has continually served in that capacity through the present.

12. In 2022 and 2023, members of the Patrolman Bargaining Unit, including plaintiff Greg King, began raising numerous serious concerns about the operation of the City of Rocky River Police Department and the leadership of the Department by the Chief of Police, defendant George Lichman, and other high-ranking members of the Rocky River Police Department, which ultimately resulted in a unanimous vote of no confidence in defendant George Lichman by those members of the Patrolman Bargaining Unit who participated in the vote.

13. Members of the Patrolman Bargaining Unit, including but not limited to Plaintiff Greg King acting solely in his capacity a Director of the Patrolman Bargaining Unit and not as an employee of defendant City of Rocky River, prepared and distributed to the members of the "patrol unit" a written outline of concerns regarding defendant George Lichman.

14. In this document, those involved in its preparation stated and conveyed to other members of the bargaining unit that "there is strong interest in taking a vote of no confidence in the leadership of RRPD under Chief George Lichman."

15. The issues outlined in this document and distributed to other members of the Patrolman Bargaining Unit supporting a vote of no confidence in defendant George Lichman included:

   a. Defendant George Lichman's social media postings regarding controversial issues such as the death of Travon Martin and resulting criminal trial of George Zimmerman;

   b. Defendant George Lichman goading patrol officers into debates which often resulted in conflict;

   c. Defendant George Lichman engaging in roll call conversations which were peppered with criticism of conservative politics or religion;

   d. Defendant George Lichman posting a picture on Instagram taken in front of a window that, in the reflection, showed him naked;

   e. Defendant George Lichman engaging in political activism regarding issues such as the "Black Lives Matter" movement that plaintiff Greg King and other patrol officers felt was offensive to the law enforcement community;

   f. Defendant George Lichman failing to care about and improve morale in the Rocky River Police Department;

   g. Defendant George Lichman engaging in conduct that negatively impacted the ability of the Rocky River Police Department to hire new police officers or to replace retiring or departing police officers;

16. This written document concluded by asking the members of the Patrolman Bargaining Unit as follows:

> Do you have confidence in the leadership of Chief George Lichman and his appointees at the department? Has he demonstrated the necessary skills, judgment and character to lead this department? Is there ever substance behind initiatives we undertake, or is it fluff to post on Facebook that goes nowhere? Are we going in the right direction? What happens when the other shoe drops? DO you think morale is set to improve?

17. Plaintiff Greg King's involvement in the preparation of this written document and its distribution to other members of the Patrolman Bargaining Unit was done by plaintiff Greg King solely in his capacity as a Director of the Patrolman Bargaining Unit and not as part of his official duties and/or responsibilities as an employee of defendant City of Rocky River.

18. All of the issues addressed in this written document constituted matters of public concern, and therefore constituted protected speech under the First Amendment to the Constitution of the United States.

19. A copy of this written document was provided by a representative of the Ohio Patrolman's Benevolent Association to City of Rocky River Mayor Pamela Bobst on or about February 14, 2023.

20. The vote of no confidence took place on or about February 8 and 9, 2023, and all members of the Patrolman Bargaining Unit who participated in the vote unanimously voted that they had no confidence in defendant George Lichman's continued leadership of the Rocky River Police Department.

21. Following the no-confidence vote, defendant George Lichman prepared his own response to the written document circulated to the members of the Patrol Unit on or about March 1, 2023, which he submitted to City of Rocky River Mayor Pamela Bobst wherein defendant George Lichman accused plaintiff Greg King of being "likely the primary source and author of the complaints submitted" and further suggested that plaintiff Greg King did so to get himself promoted because "Ptl. King is next on the current sergeant eligible list and would be promoted if a vacancy arises prior to the expiration of the list."

22. On or about May 16, 2023, defendant City of Rocky River retained an outside law firm to conduct an investigation into the allegations against defendant George Lichman made in the written document distributed to the Patrol Unit.

23. During the course of this investigation, defendant George Lichman was interviewed on or about June 23, 2023, and stated during the interview that he believed plaintiff Greg King to be the author of the "anonymous document."

24. On or about September 22, 2023, the independent law firm retained by defendant City of Rocky River issued its findings from its investigation. Although the findings purported to exonerate defendant George Lichman from any violations of departmental policies, the report's findings further state that "there is credible evidence to support the belief that the Anonymous Document was submitted to cause the termination of the Chief [of Police] in order to create a vacancy and need to promote the next eligible candidate to sergeant," implying that plaintiff Greg King had authored the anonymous document for the sole purpose of getting a promotion for himself.

25. Subsequently, on or about September 27, 2023, defendant City of Rocky River, through Mayor Pamela Bobst, issued a statement publicly releasing the findings of the investigation conducted by the independent law firm and encouraging people to read the report in its entirety.

26. Following the unanimous vote of no confidence in defendant George Lichman by those members of the Patrolman Bargaining Unit who voted, plaintiff Greg King, again acting solely in his capacity as a Director of the Patrolman Bargaining Unit, and other members of the Patrolman Bargaining Unit, continued to bring forth to the City of Rocky River additional issues pertaining to senior leadership, including defendant George Lichman, and the operations of the

City of Rocky River Police Department that constituted matters of public concern, including the following:

    a.    An incident involving damage done to a city vehicle alleged to have been caused by the wife of a Lieutenant in the City of Rocky River Police Department that was alleged to have been covered up by said Lieutenant; and

    b.    Allegations that the Business Manager for the City of Rocky River Police Department was abusing her comp time and manipulating the Rocky River Police Department's timekeeping system.

27. These subjects also constitute matters of public concern, and therefore constituted protected speech under the First Amendment to the Constitution of the United States.

28. Following these incidents of protected speech, plaintiff Greg King was the subject of unlawful retaliatory actions by defendant George Lichman and his supporters, and defendant City of Rocky River, for engaging in protected First Amendment speech, which included false anonymous allegations that plaintiff Greg King engaged in improper harassment, retaliation, and violations of standards of conduct – false allegations which ultimately resulted in defendants City of Rocky River and George Lichman further retaliating against plaintiff Greg King by placing him on a leave of absence which he remains on to this day.

29. Defendants City of Rocky River and George Lichman further retaliated against plaintiff Greg King for engaging in constitutionally protected speech on matters of public concern, and have attempted to prohibit him from engaging in further protected First Amendment activity, by expressly prohibiting him from directly contacting other employees of the City of Rocky River and other members of the police department, and from having anyone contact other employees of the City of Rocky River or other members of the police department on his behalf.

30. Defendants City of Rocky River and George Lichman have further retaliated against plaintiff Greg King for engaging in constitutionally protected speech on matters of public

concern, and have attempted to prohibit him from engaging in further protected First Amendment activity, by conducting a sham investigation into the false anonymous allegations against plaintiff Greg King that to date has not revealed any evidence of wrongdoing by plaintiff Greg King.

31. The retaliatory actions of defendants City of Rocky River and George Lichman outlined herein are sufficient to deter a person or of ordinary firmness from continuing to engage in protected conduct, including engaging in further speech on matters of public concern that is protected by the First Amendment to the Constitution of the United States.

32. As a direct and proximate result of the actions of defendants City of Rocky River and George Lichman outlined herein, plaintiff Greg King has sustained economic and non-economic damages in an amount to be determined at the trial of this matter.

33. The actions of defendant George Lichman outlined herein were done wantonly, willfully, egregiously and with actual malice and reckless disregard for plaintiff Greg King's clearly established constitutional right to speak out on matters of public concern in his capacity as a Director of the Patrolman Bargaining Unit and to further deter him from continuing to engage in constitutionally-protected free speech.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – First Amendment Retaliation**
**Defendant George Lichman in his individual capacity)**

34. The allegations set forth in Paragraphs 1 through 33 are incorporated as if fully rewritten herein.

35. Even as a public employee, plaintiff Greg King maintains his right under the First Amendment to the United States Constitution to engage in protected speech on matters of public concern and other public officials and public entities who are the subject of that protected speech may not retaliate against individuals, including public employees, for their protected speech.

36. Plaintiff Greg King's actions and speech described herein were all done in his capacity as a Director of the Patrolman Bargaining Unit and constituted protected speech on matters of public concern under the First Amendment to the United States Constitution.

37. Defendant George Lichman engaged in unlawful retaliation against plaintiff Greg King because of his engagement in protected speech by indefinitely suspending him on unsupported and anonymous allegations of misconduct.

38. Defendant George Lichman's actions in indefinitely suspending plaintiff Greg King and prohibiting him from communicating with other bargaining unit members were done with the specific and express intention of retaliating against plaintiff Greg King because of his engagement in protected speech and for the specific purpose of deterring Greg King and others similarly situated to him from engaging in further protected activity, including constitutionally protected speech, critical of him and of his leadership of the City of Rocky River Police Department.

39. The retaliatory actions undertaken by defendant George Lichman against plaintiff Greg King are sufficient to deter a person of ordinary firmness from continuing to engage in protected conduct.

40. As a direct and proximate result of the actions of defendant George Lichman described herein, plaintiff Greg King has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

41. The actions of defendant George Lichman outlined herein were further done with willful and wanton disregard of plaintiff Greg King's clearly established constitutional rights, entitling plaintiff Greg King to an award of punitive damages against defendant George Lichman in his individual capacity.

**WHEREFORE**, plaintiff Greg King respectfully requests that this Honorable Court:

a. Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Greg King and against defendant George Lichman in his individual capacity;

b. Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Greg King and against defendant George Lichman in his individual capacity;

c. Award plaintiff Greg King his costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988 against defendant George Lichman in his individual capacity; and

d. Award plaintiff Greg King such other legal and/or equitable relief against defendant George Lichman in his individual capacity as the interests of justice may require.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – Municipal Liability for First Amendment Retaliation City of Rocky River and George Lichman in his official capacity)

42. The allegations contained in Paragraphs 1 through 41 are incorporated as if fully rewritten herein.

43. Defendant George Lichman is sufficiently empowered, as the Chief of Police for defendant City of Rocky River, with final decision-making authority for defendant City of Rocky River with regard to supervision and discipline of members of the Rocky River Police Department that his actions as described herein constitute the official customs and/or policies of defendant City of Rocky River, thus imputing liability for his actions outlined herein to defendant City of Rocky River.

44. Defendants George Lichman (in his official capacity) and the City of Rocky River engaged in unlawful retaliation against plaintiff Greg King because of his engagement in protected speech by indefinitely suspending him on unsupported and anonymous allegations of misconduct.

45. Defendants George Lichman's actions (in his official capacity) and the City of Rocky River in indefinitely suspending plaintiff Greg King were done with the intention of retaliating against plaintiff Greg King because of his engagement in protected speech and for the purpose deterring Greg King and others similarly situated to him from engaging in further protected activity, including constitutionally protected speech, critical of him and of his leadership of the City of Rocky River Police Department.

46. The retaliatory actions undertaken by defendant George Lichman (in his official capacity) and the City of Rocky River against plaintiff Greg King are sufficient to deter a person of ordinary firmness from continuing to engage in protected conduct.

47. As a direct and proximate result of the actions of defendant George Lichman (in his official capacity) and the City of Rocky River described herein, plaintiff Greg King has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

**WHEREFORE**, plaintiff Greg King respectfully requests that this Honorable Court:

a. Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Greg King and against defendants George Lichman in his official capacity and the City of Rocky River;

b. Award plaintiff Greg King his costs of this suit and reasonable attorney's fees and other expenses under 42 U.S.C. § 1988 against defendant George Lichman in his official capacity and the City of Rocky River; and

c. Award plaintiff Greg King such other legal and/or equitable relief against defendant George Lichman in his official capacity and the City of Rocky River as the interests of justice may require.

### THIRD CLAIM FOR RELIEF
**(Civil Liability for Criminal Interference with Civil Rights –
R.C. 2307.60 and 2921.45 – Defendant George Lichman)**

48. The allegations set forth in Paragraphs 1 through 47 are incorporated as if fully rewritten herein.

49. Pursuant to R.C. 2921.45, it is a criminal act for any public servant, under color of his or her office, employment or authority, to knowingly deprive, conspire, or attempt to deprive any person of a constitutional or statutory right.

50. Pursuant to R.C. 2307.60, anyone injured in person or property by a criminal act may recover full damages in a civil action.

51. Defendant George Lichman is a public servant within the meaning of R.C. 2921.45.

52. Under the color of his office, employment or authority, defendant George Lichman knowingly deprived plaintiff Greg King of his constitutional rights as described herein, including his rights to freedom of speech as guaranteed by the First Amendment to the Constitution of the United States.

53. As a direct and proximate result of the actions of defendant George Lichman described herein, plaintiff Greg King has sustained economic and non-economic losses in an amount to be proven at the trial of this matter.

54. Defendant George Lichman acted willfully, with actual malice and with reckless disregard for plaintiff Greg King's clearly established constitutional rights, entitling plaintiff Greg King to an award of punitive damages against defendant George Lichman in his individual capacity.

**WHEREFORE**, plaintiff Greg King respectfully requests that this Honorable Court:

a. Award compensatory damages in an amount to be proven at the trial of this matter to plaintiff Greg King and against defendant George Lichman in his individual capacity;

b. Award punitive damages in an amount to be proven at the trial of this matter to plaintiff Greg King and against defendant George Lichman in his individual capacity;

c. Award plaintiff Greg King his costs of this suit and reasonable attorney's fees and other expenses against defendant George Lichman in his individual capacity; and

d. Award plaintiff Greg King such other legal and/or equitable relief as the interests of justice may require.

Respectfully Submitted,

s/*Mark P. Herron*
Mark P. Herron (0051998)
5001 Mayfield Road, Suite 318
Lyndhurst, Ohio  44124
(216) 280-2828
Email:  herronlaw@msn.com

Attorney for Plaintiff

## JURY DEMAND

Plaintiff Greg King demands a trial by jury on all claims so triable.

 

s/*Mark P. Herron*
Attorney for Plaintiff Greg King